IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UHLIG LLC d/b/a CONDOCERTS and
d/b/a WELCOMELINK,

                Plaintiff,

v.                                                  Case No.: 2:23-cv-02260

STELLAR INNOVATIVE SOLUTIONS
CORP.,

                Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant Stellar Innovative Solutions' motion to dismiss Plaintiff's complaint in part. (Doc. 7.) The motion is fully briefed and ripe for decision. (Docs. 7, 9, 12). Defendant's motion is DENIED for the reasons stated herein.

**I.      Facts**

The following facts are assumed to be true and taken from the allegations in Plaintiff's complaint. Plaintiff Uhlig LLC provides registered end users with resale and lender processing information ("Community Information") about common interest communities such as homeowner associations, condominiums, co-ops, and similar communities. (Doc. 1 at 3.) Included within the general Community Information, Plaintiff provides registered end users with Community Information specific to properties being resold or refinanced ("Resale Information") and Community Information about the common interest community as a whole ("Underwriting Information"). *Id.* Registered end users rely on the Community Information provided by Plaintiff for a variety of needs. Resale Information is the financial and legal information for one or more residential units or owner accounts within common interest communities. *Id.* Underwriting

1

Information is used in the residential mortgage process and includes information about pending litigation, obligations, and financial balances of specific common interest communities. *Id.* Community Information is generally used for purchasing, selling, financing, refinancing, or transferring residential real estate within common interest communities. *Id.*

Plaintiff is the authorized representative of its clients, and its clients are the common interest communities and property management companies, which are managing agents for common interest communities. *Id.*

Resale Information and Underwriting Information rapidly change, are time sensitive/perishable, and economically sensitive. *Id.* at 4. Furthermore, neither are publicly available. *Id.* The use of Plaintiff's Resale Information and Underwriting Information is "expressly conditioned" on accepting Plaintiff's Customer Agreements. *Id.* The Customer Agreements are contractual terms and conditions laid out in Plaintiff's "website, registration, information upload, and ordering agreements." *Id.* Collectively, the Customer Agreements may include at the minimum Terms of Use, Account Registration Agreement, Information Upload Agreement, and the Order Submission Agreement. *Id.* at 5. Plaintiff's retail customers pay a fee to access the Community Information and must accept the terms and conditions within the Customer Agreements. *Id.* at 4. Plaintiff has an online website where retail customers purchase Community Information ("Ordering Website"). *Id.* at 5.

On Plaintiff's Ordering Website, a retail customer must complete (i.e., review and accept) multiple steps during the ordering process to gain access to the Community Information. *Id.* at 5. Tracking the four agreements identified above, a retail customer must (1) review and accept the Terms of Use prior to entering Plaintiff's Ordering Website; (2) review and accept the Account Registration Agreement prior to being able to order Community Information from the Ordering

Website; (3) review and accept the Information Upload Agreement to use the Ordering Website; and (4) review and accept the Order Submission Agreement to place an order. *Id.* at 5.

Plaintiff implements Customer Agreements to "protect the integrity of the Community Information, and to prevent fraudulent, incorrect, obsolete, incomplete, counterfeit or falsified information from being introduced into the national mortgage financing process . . . ." *Id.* at 4. Misuse, misrepresentation, or falsification of the Community Information violates the Customer Agreements. *Id.* The Terms of Use, Order Submission Agreement, Account Registration Agreement, and Information Upload Agreement prohibit "all customers from reselling, sharing, storing, reproducing, disclosing, distributing or otherwise exploiting Community Information for commercial purposes." *Id.* at 6–7. Plaintiff's Terms of Use, Account Registration Agreement, Information Upload Agreement, and Order Submission Agreement also prohibit using the Ordering Website under false pretenses and circumventing Plaintiff's security measures by using the Ordering Website for a third-party. *Id.* The Order Agreement explicitly prohibits assisting persons or entities whose account or access has been suspended or terminated with accessing Plaintiff's Community Information. *Id.* at 7.

Defendant Stellar Innovative Solutions Corporation is Plaintiff's customer. *Id.* at 8. Defendant has placed at least 250[1] orders on Plaintiff's Ordering Website. *Id.* at 9. Plaintiff does not identify in the complaint a specific individual or individuals within Defendant's corporation who placed the orders. *Id.* When Defendant purchases Plaintiff's Community Information, Defendant reviews and accepts Plaintiff's Customer Agreements. *Id.* at 8. Plaintiff alleges that because Defendant reviews and agrees to the Customer Agreements, Defendant knows that reselling and/or reusing the Community Information, assisting third parties who are not permitted

---

[1] Plaintiff alleges in its complaint Defendant placed 25,000 orders. *Id.* at 9. In Plaintiff's response to Defendant's motion to dismiss, Plaintiff clarified that Defendant has only placed 250 orders. (Doc. 9 at 5 n.1.)

to access the information with obtaining the information, and retaining Community Information that was obtained from Plaintiff violates the Customer Agreements. (Doc. 1 at 8–9.) Defendant has not admitted valid and enforceable agreements exist between it and Plaintiff but agrees that all facts in the complaint are true under motion to dismiss standards. (Doc. 7 at 3, n.3.)

Plaintiff alleges that Defendant's customers place orders for Plaintiff's Community Information directly from Defendant, and that Defendant retains the information to expand its database and resell the Community Information. (Doc. 1 at 8.) Plaintiff also asserts Defendant subverted its security measures by assisting third parties who cannot access Plaintiff's Community Information because their access has been suspended or terminated. *Id.* at 8. These two actions violate Plaintiff's Customer Agreements. *Id.* Moreover, Plaintiff alleges Defendant receives a benefit by reselling the Community Information at a higher price than it paid to purchase the Community Information from Plaintiff. *Id.* at 13. Plaintiff also alleges that Defendant knowingly violates the terms of the agreements with Plaintiff, *id.* at 13, and that Stellar agreed to the Customer Agreements with a present intent to resell/reuse and wrongfully assist third parties with accessing and using Plaintiff's Community Information. *Id.* at 14–15.

## II. Motion to Dismiss Standards

In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). In the end,

4

the issue is not whether Plaintiff will ultimately prevail, but whether Plaintiff is entitled to offer evidence to support its claims. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

"[A] federal court sitting in diversity must apply the choice of law provisions of the forum state in which it is sitting." *Ace Prop. & Cas. Ins. Co. v. Superior Boiler Works, Inc*., 504 F. Supp. 2d 1154, 1158 (D. Kan. 2007). Because this court sits in Kansas, it applies Kansas choice of law provisions. With respect to contractual disputes, Kansas courts apply the choice of law rule known as lex loci contractus, or "the law of the state where the contract is made." *Moses v. Halstead*, 581 F.3d 1248, 1252 (10th Cir. 2009) (applying Kansas law). Here, Plaintiff alleges that Defendant entered into the contract with a Kansas resident and the contract was to be performed in Kansas. The parties also agree that Kansas law applies to this action. (Doc. 7 at 2–3 n.2, Doc 9 at 7 n.2.) Therefore, the court will apply Kansas law.[2]

### III.   Analysis

#### A.   Unjust Enrichment Claim

Defendant seeks dismissal of Plaintiff's unjust enrichment claim. Defendant argues that Plaintiff cannot prevail on its claim when there is a contract between the parties and the conduct alleged as the basis for the unjust enrichment claim is the same conduct alleged with respect to Plaintiff's breach of contract claim. (Doc. 7 at 6.)

Under Kansas law, Defendant is correct that unjust enrichment cannot be the legal vehicle to enforce contractual obligations. *See Regal Ware, Inc. v. Vita Craft Corp.*, 653 F. Supp. 2d 1146,

---

[2] Defendant identified a choice of law provision in Plaintiff's publicly available Terms of Use that Delaware law applies to the issues. (Doc. 7 at 2–3 n.2.) Kansas courts will generally apply the law chosen by the parties in a choice of law provision in a contract. *Brenner v. Oppenheimer & Co. Inc*., 273 Kan. 525, 539, 44 P.3d 364, 375 (2002). However, under Kansas law, the law of the forum applies unless a party expressly shows a different forum's law should govern the dispute. *See id.* at 376. Moreover, when there is doubt, Kansas courts prefer to apply the law of the forum. *Id.* Plaintiff did not attach contract provisions to its complaint and it has not expressly been shown that Delaware law should apply to this case. Thus, the court will apply Kansas law in resolving this motion.

1150 (D. Kan. 2006). However, unjust enrichment is available as an alternative argument for a plaintiff when no valid contract exists or the parties dispute the existence of the contract. *See Bettis v. Hall*, No. 10-2457-JAR, 2011 WL 1430327, at *4 (D. Kan. Apr. 14, 2011). Allowing alternative pleading in such circumstances is consistent with Federal Rule of Civil Procedure 8. *Id.* at *7.

In the case at bar, Plaintiff alleges that a contract exists between it and Defendant, identifying in the complaint Defendant's multiple orders and its review/acceptance of Plaintiff's multiple agreements. (Doc. 1 at 7–9.) However, the alleged existence of a contract alone is insufficient to preclude a claim of unjust enrichment as an alternative to a breach of contract claim. This is because a claim of unjust enrichment is an equitable remedy available to a plaintiff as an alternative claim when a contract is "void, unenforceable, rescinded, or waived by the party seeking to recover." *Ice Corp.*, 444 F. Supp. 2d at 1171.

Here, Defendant has not submitted an answer to the complaint but in its motion to dismiss merely agreed to the facts in the complaint without admitting or denying the allegations. (Doc. 7 at 3, n.3.) Because Defendant has not stipulated that there are valid and enforceable contracts between it and Plaintiff, a claim of unjust enrichment is not precluded as an alternative to a claim for breach of contract. *See Mendy v. AAA Ins.*, No. 17-2322-DDC-GLR, 2017 WL 4422648, at *7 (D. Kan. Oct. 5, 2017) (denying motion to dismiss unjust enrichment claim because defendant failed to expressly stipulate a contract existed between it and plaintiff); *see also Orica New Zealand Ltd. v. Searles Valley Mins. Operations Inc.*, No. CIV.A. 04-2310-KHV, 2005 WL 387659, at *3 (D. Kan. Feb. 17, 2005) (granting motion to dismiss unjust enrichment claim because contract existed between plaintiff and defendant, and defendant clearly stipulated in reply that it is bound by the agreement). Defendant's motion to dismiss Plaintiff's claim of unjust enrichment is therefore denied.

### B. Fraud Claim

Plaintiff alleges Defendant committed fraud by misrepresenting its intentions when it reviewed and agreed to Plaintiff's Customer Agreements. (Doc. 1 at 14.) Plaintiff argues Defendant induced Plaintiff to contract with Defendant by fraudulently representing (1) it would not resell or reuse the Community Information for commercial reasons, (2) it would not access the Ordering Websites and/or aid a person or entity with accessing the websites to circumvent Plaintiff's security measures, and (3) it would not obtain or try to obtain the Community Information for a person or entity whose access had been blocked by Plaintiff. *Id.* at 14–15. Plaintiff alleges that Defendant made these three misrepresentations with the present intent not to abide by the contractual terms. *Id.* Defendant proffers two arguments for why Plaintiff cannot maintain a claim of fraud: (1) the fraud claim does not rest on independent grounds nor demonstrates Defendant had present intent to commit fraud, and (2) Plaintiff failed to plead fraud with sufficient particularity. (Doc. 7 at 8.) The court will take each argument in turn.

### 1. Failure to Plead Independent Fraud Claim and Lack of Present Intent to Commit Fraud

Under Kansas law, a breach of contract remedy typically dispenses with tort duties and remedies. *See N. Alabama Fabricating Co. v. Bedeschi Mid-W. Conveyor Co.,* No. 16-2740-DDC-TJJ, 2017 WL 1836973, at *7 (D. Kan. May 8, 2017). However, Kansas permits plaintiffs to maintain a tort claim as an alternative to a breach of contract claim when the conduct forming the basis of each claim differ (i.e., independent bases form each claim). *See Wade v. EMCASCO Ins. Co.,* 483 F.3d 657, 675 (10th Cir. 2007). Therefore, to maintain a fraudulent misrepresentation claim and a breach of contract claim, a plaintiff must allege that the conduct forming the basis of

the breach of contract claim is distinct from that forming the basis of the fraudulent misrepresentation claim.

A breach of contract and fraudulent misrepresentation claim can differ when the fraudulent misrepresentation claim relates to a pre-existing or present fact. *See Flight Concepts Ltd. P'ship v. Boeing Co.*, 38 F.3d 1152, 1157 (10th Cir. 1994). Under Kansas law, one form of "pre-existing or present fact" is when a party lies about its intentions prior to forming the contract. *See Gerhardt v. Harris*, 261 Kan. 1007, 1013, 934 P.2d 976, 981 (1997). For example, a pre-existing fact is that a party knew that it would not fulfill its contractual obligations but nevertheless entered the contract. *See id.* at 981. As the Kansas Supreme Court explained: "the gravamen of such a [fraudulent] claim is not the breach of the agreement to perform, but the fraudulent misrepresentation concerning a present, existing intention to perform, when no such intention existed." *Id.* at 981.

However, Plaintiff must properly allege that a party's fraudulent misrepresentation relates to a present or pre-existing fact (i.e., a present intent). To do so, a plaintiff cannot simply allege that the defendant's representations were false, but that the defendant knew its representations were false when it made them. *See Heslop v. UCB, Inc.*, 175 F. Supp. 2d 1310, 1316 (D. Kan. 2001).

In the case at bar, Plaintiff pled that a pre-existing or present intent to defraud Plaintiff existed when it and Defendant entered the contracts. Plaintiff alleged that Defendant knew the Customer Agreements prohibited resale and reuse of Plaintiff's Community Information. (Doc. 1 at 14.) Plaintiff further alleged that Defendant executed the Customer Agreements "with the intention" to resell the Community Information for commercial purposes. *Id.* Plaintiff's complaint properly pleads that Defendant did not just breach the contract but that it had a present intent before

the contract was formed to breach the contract. Therefore, Defendant's motion to dismiss Plaintiff's claim of fraud on the grounds of failing to assert an independent basis for the claim is denied.

### 2. Failure to Plead with Sufficient Particularity

Under Federal Rule of Civil Procedure 9(b), a plaintiff must plead fraud with particularity to give a defendant "adequate notice of the plaintiff's claim, to protect defendants from reputational damage caused by 'improvident charges of wrongdoing,' and to 'inhibit the institution of strike suits.'" *Plastic Packaging Corp. v. Sun Chem. Corp.*, 136 F. Supp. 2d 1201, 1203 (D. Kan. 2001) (quoting *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F. 2d 982, 986 (10th Cir. 1992)). The plaintiff must "set forth the time, place and contents of [any] false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quoting *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991). More succinctly, a plaintiff must establish the "'who, what, where, and when' of the alleged fraud." *Regal Ware, Inc.*, 653 F. Supp. at 1153 (quoting *Plastic Packaging Corp.*, 136 F. Supp. 2d at 1203).

Plaintiff sufficiently alleges "what" Defendant fraudulently mispresented. Plaintiff identified that Stellar fraudulently executed the Customer Agreements—these agreements stipulated that Defendant would not (1) improperly sell, share, reuse, store, etc. Plaintiff's Community Information, (2) circumvent Plaintiff's security measures by accessing and using Plaintiff's Ordering Websites for a third party or assist a third party to access the Websites, and (3) assist third parties whose access had been suspended with accessing the Ordering Websites. (Doc. 1 at 14-15.) Plaintiff alleges that Defendant has placed over 250 orders with Plaintiff, and for each order, Plaintiff claims Stellar fraudulently assented to the Customer Agreement with the

present intent to wrongfully distribute information. *Id.* at 8–9. Thus, Plaintiff alleges with sufficient particularity the "what" to satisfy Rule 9(b).

However, in the context of *numerous* internet transactions, Plaintiff may have substantial difficulty, if not the inability, without further discovery, to plead with sufficient particularity Rule 9(b)'s "who," "where," and "when" requirement. Understanding this predicament, Plaintiff relies on caselaw that states Rule 9(b)'s particularity requirements are relaxed when there are numerous false representations. (Doc. 9 at 12.) Plaintiff's cited case is distinguishable from the case at bar because there the relaxed particularity requirements apply to numerous instances of mail and wire fraud. *See VNA Plus, Inc. v. Apria Healthcare Grp.*, Inc., 29 F. Supp. 2d 1253, 1263 (D. Kan. 1998). By contrast, the claim here is the common law tort of fraudulent misrepresentation. Nevertheless, Plaintiff's mail and wire fraud case and the cases cited therein seemingly suggest that when there are numerous instances of fraud, a plaintiff may have difficulty identifying who committed the fraudulent acts and when/where they occurred. *See id.* Hence, in these situations, a court may relax Rule 9(b)'s particularity requirements to permit the fraud claim to move forward.

In the present case, Plaintiff and Defendant did not interact face-to-face because the orders were completed online. Plaintiff also alleges Defendant committed numerous fraudulent acts—at least 250. (Doc. 9 at 5 n.1.) Because of the online interactions and the numerous alleged fraudulent acts, at this point in the proceeding, Plaintiff has minimal ability to determine "who" within Defendant's company fraudulently accessed and placed the online orders. Nevertheless, online transactions create digital records and receipts. Ultimately, Rule 9(b) requires "particularity" in pleading the circumstances constituting the fraud. Fed. R. Civ. P. 9(b). The who, when, where, etc., pleading requirements have been engrafted through case law to help satisfy that burden in the common circumstances of individualized fraudulent statements and representations. By contrast,

where, as here, the fraudulent statements are alleged to have occurred as part of multiple online transactions in which the defendant is alleged to have assented to standardized contractual terms knowing full well at the time of such assent that the defendant had no intent to abide by some of the terms of those agreements, the court concludes that Plaintiff has sufficiently pled the circumstances of those transactions to put Defendant on notice of the alleged fraud and satisfy Rule 9(b)'s particularity requirements. Through discovery, the digital records of those transactions should adequately identify the underlying details such as dates, times, and perhaps individual user identities, IP addresses, or other similar information such that the veracity of the fraud allegations can be tested.

For the foregoing reasons, the court finds Plaintiff's fraud claim meets Rule 9(b)'s particularity requirement. Therefore, Defendant's motion to dismiss Plaintiff's claim of fraud on the grounds of failing to plead with sufficient particularity is denied.

### IV. Conclusion

Defendant's motion to dismiss (Doc. 7) Plaintiff's claims of unjust enrichment and fraud is DENIED.

IT IS SO ORDERED. Dated this 28th day of September, 2023.

                                                  __s/ John W. Broomes_____
                                                  JOHN W. BROOMES
                                                  UNITED STATES DISTRICT JUDGE